### No. 481

### DIME SAVINGS BANK v. MORTON

Ohio Appeals, 5th Dist., Stark Co.

No. 787. Decided Feb. 19, 1927

Judge Funk, 9th Dist., sitting in place of Judge Shields.

1265. **WEIGHT OF EVIDENCE—In light of requested charge of defendant given by court which charge stated that if the jury**

finds that plaintiff carried out terms of contract, then verdict should be for him; but that if he failed to do so, the verdict should be for defendant, and from the facts in the case and the finding of the jury in favor of plaintiff, defendant is in no position to claim that verdict and judgment are manifestly against the weight of the evidence.

First Publication of this Opinion

HOUCK, J.

Ph. Morton in his petition filed against the Dime Savings Bank in the Stark Common Pleas, sought to recover $4140.00 under a written contract which called for the erection and painting by Morton of ten or more bulletin boards and to rent the use of said boards for 36 months for a rental of $138.00 each.

The Bank denied that Morton had performed this contract in accordance with its terms and alleged in its cross-petition that it had sustained damages in the sum of $5000.00. The jury returned a verdict in favor of Morton for $4000.00 and judgment was entered thereon; reversal of which is claimed because of exclusion of testimony and on the ground that the verdict and judgment are against the manifest weight of the evidence. The Court of Appeals held:

1. With regard to the ground that the court erred in excluding testimony offered by the Bank in support of its cross-petition, we concur in the ruling of the court below since the testimony excluded was not prejudicial to the bank.

2. The court fully took the sting out of this alleged error in its charge to the jury when it said:

"The defendant has filed, in this case, a cross-petition or claim for damages growing out of a breach of contract, which must be proven.

"There is no proof of certain and consequential damages in this case - - that is, that the defendant has been really damaged. The defendant may have lost some advertising value, but there is no proof here showing that this value has resulted in definite and certain damage that you can compensate for in dollars and cents."

3. The court, at request of the bank, charged in substance, that if the jury should find from a preponderance of the evidence that Morton substantially carried out all the terms of the contract, then he was entitled to recover the full amount claimed; but if the jury found that he had not done so, in that event a verdict must be returned for the Bank.

4. In light of this charge, the facts and the finding of the jury, the bank is in no position to claim the verdict and judgment are contrary to law.

Judgment affirmed.

(Lemert & Funk, JJ., concur.)

Attorneys—Lynch, Day, Fimple, Pontius & Lynch for Bank; Albert H. Snively and A. L. Nebel for Morton; all of Canton.